UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HEATHER FIERCE,

    Plaintiff,

        v.

KATHLEEN SEBELIUS,

    Defendant.

Civil Action No. 13-1017 (JEB)

MEMORANDUM OPINION

Plaintiff Heather Fierce is a black woman who worked as a Management Analyst for the Department of Health and Human Services from September 2010 until September 2012. In this suit, she primarily alleges that she was discriminated against on the basis of her race and disability, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Defendant Kathleen Sebelius, the Secretary of HHS, asserting that venue is improper in this district, now moves to dismiss or to transfer the case to the District of Maryland. As transfer is both appropriate and unopposed, the Court will grant the Motion.

I.     **Legal Standard**

When presented with a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), the Court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Pendleton v. Mukasey, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) (citing Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d 274, 276–77 (D.D.C. 2002)). The Court need not, however, accept the plaintiff's legal conclusions as true, Darby, 231 F. Supp. 2d at 277, and may consider material outside of the pleadings. Artis v.

1

Greenspan, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) (citing Land v. Dollar, 330 U.S. 731, 735 n.4 (1947)). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003); 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3826, at 258 (2d ed. 1986 & Supp. 2006) ("[W]hen an objection has been raised, the burden is on the plaintiff to establish that the district he or she has chosen is a proper venue."). To prevail on a motion to dismiss for improper venue, however, "the defendant must present facts that will defeat the plaintiff's assertion of venue." Khalil v. L-3 Commc'ns Titan Grp., 656 F. Supp. 2d 134, 135 (D.D.C. 2009). "Unless there are pertinent factual disputes to resolve, a challenge to venue presents a pure question of law." Williams v. GEICO Corp., 792 F. Supp. 2d 58, 62 (D.D.C. 2011).

## II. Analysis

Venue in Title VII cases is governed by statute. A Title VII action may be properly brought (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered," or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . ." 42 U.S.C. § 2000e-5(f)(3). "[I]f the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." Id.

In arguing that venue does not lie here, Defendant points out that Plaintiff's place of employment was Rockville, Maryland; the records relevant to the case are maintained in Maryland; and Plaintiff never sought employment in the District. See Mot. at 3-4. Plaintiff

responds that she "does not oppose proceeding with the instant action in Maryland Federal District Court." Opp. at 2.

When venue is improper, the Court must dismiss the claim or, "if it be in the interest of justice, transfer [it] to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Although the decision to transfer or dismiss is committed to the sound discretion of the district court, the interest of justice generally requires transferring a case to the appropriate judicial district in lieu of dismissal. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962). This is what the Court will do here. In this case, the only jurisdiction in which Plaintiff's claim could have been brought is the District of Maryland, and that is where the case shall be transferred.

### III. Conclusion

An Order accompanying this Memorandum Opinion will grant Defendant's Motion and transfer the case to the District of Maryland.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: Nov. 14, 2013